﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 190923-32929
DATE: January 29, 2021

ORDER

Entitlement to a rating in excess of 10 percent for gastroesophageal reflux disease (GERD) is denied.

FINDING OF FACT

The Veteran’s GERD did not more nearly approximate symptoms that were productive of considerable impairment of health.

CONCLUSION OF LAW

The criteria for a disability rating in excess of 10 percent for service-connected gastroesophageal reflux disease have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1-4.7, 4.21, 4.114, Diagnostic Code 7346.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from June 2009 to January 2011. 

In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of the VA Form 10182. 38 C.F.R. § 20.303. A letter received November 20, 2020, from the Veteran’s attorney indicates that evidence in support of the claims for increased ratings for GERD and migraine headaches was submitted by letter dated March 30, 2020. However, this evidence may not be considered because it was not received within 90 days of receipt of the September 2019 VA Form 10182. Id. 

Evaluation of GERD, which is currently 10 percent disabling, is continued.

The Veteran contends that he is entitled to a higher rating for his GERD. At the time of his January 2019 VA examination, he reported he has had signs and symptoms of GERD since 2012 and the condition is worse in frequency and severity. 

The Veteran’s GERD is rated by analogy to 38 C.F.R. § 4.114, Diagnostic Code (DC) 7346, for hiatal hernia. Pursuant to DC 7346, a 10 percent disability rating is warranted for two or more of the symptoms for the 30 percent evaluation of less severity. A 30 percent evaluation is warranted for persistently recurring epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. The maximum 60 percent evaluation is warranted for symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health. 

For the reasons that follow, the Veteran’s GERD manifested in two or more symptoms for the 30 percent evaluation of less severity.

VA treatment notes from December 2018 reflect the Veteran complained of experiencing daily GERD symptoms for two weeks with some improvement with medication. Upon a review of systems at that time, the Veteran was positive for dyspepsia. No other gastrointestinal symptoms, including abdominal pain, nausea, vomiting, hematemesis, diarrhea, constipation, melena, or hematochezia were noted. The record does not include other treatment notes that address the Veteran’s GERD. 

A January 2019 VA examination indicated the Veteran had the following signs and symptoms: pyrosis, reflux, regurgitation, substernal pain, sleep disturbance caused by esophageal reflux (four or more times per year with an average duration of episodes of symptoms of less than one day), nausea (with four or more episodes of nausea per year with an average duration of episodes of nausea of less than one day). It was further noted that the Veteran’s esophageal condition did not impact his ability to work. 

A disability benefits questionnaire (DBQ) received in September 2019 indicates the Veteran has persistently recurrent epigastric distress, dysphagia, pyrosis, reflux, regurgitation, substernal arm or shoulder pain, sleep disturbance caused by esophageal reflux, and periodic nausea, four or more times per year with an average duration of ten days or more, and, recurrent vomiting four or more times per year with an average duration of episodes of less than one day. The doctor also noted the Veteran’s esophageal conditions impact his ability to work. 

The Board notes that the comments included by the doctor in the September 2019 DBQ are illegible. Translation services were obtained by the Board for this document, as well as others within the file. However, the translation that was returned in April 2020, provided no clarification of the document. Therefore, it is unclear what relationship the doctor who filled out the DBQ has with the Veteran and how he arrived at the conclusions he noted. 

The severity noted in the September 2019 DBQ is not supported by the other evidence of record. In December 2018, when the Veteran was seeking treatment for GERD, his only reported gastrointestinal symptom was dyspepsia. Nausea and vomiting were not noted. A month later, at the January 2019 VA examination, the Veteran reported significantly more symptoms, as discussed above. However, the examiner indicated the Veteran’s esophageal condition did not impact his ability to work, suggesting that the Veteran’s symptoms were not at a level to be productive of considerable impairment of health. This is consistent with the Veteran’s report a month prior in which he indicated he suffered from dyspepsia. 

Considering the September 2019 DBQ is inconsistent with the other evidence of record and any additional explanation that may be included in the DBQ is not decipherable, it is afforded little weight. 

Accordingly, the Veteran’s GERD manifested in two or more symptoms for the 30 percent evaluation of less severity throughout the appeal period, corresponding to the criteria for a 10 percent rating under DC 7346.

A higher 30 percent rating under DC 7346 is not warranted unless there is persistently recurring epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. Even assuming the Veteran suffered from all the symptoms he noted at the time of the January 2019 VA examination, which are required for a 30 percent rating, the record does not reflect the Veteran’s symptoms are productive of considerable impairment of health. Thus, the Veteran’s GERD did not more nearly approximate persistently recurring epigastric distress with dysphagia, pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. A higher 30 percent rating under DC 7346 is not warranted.

REMANDED

Evaluation of migraine headaches, which is currently zero percent disabling, is remanded.

REASONS FOR REMAND

Evaluation of migraine headaches, which is currently zero percent disabling

On January 28, 2019, a disability benefits questionnaire pertaining to the Veteran’s headaches was received by the AOJ. This DBQ was considered by the AOJ in its May 2019 rating decision. However, the doctor’s handwriting describing: the history of the Veteran’s headache conditions; treatment; pertinent physical findings, complications, conditions, signs and/or symptoms related to the headache condition; the functional impact of the Veteran’s headache condition on his ability to work; and the doctor’s remarks, are illegible and appears to be in Spanish. Because this evidence was unclear, it is a pre-decisional duty to assist error in not returning the report for clarification. Remand is necessary to allow the AOJ to attempt to obtain a legible version of the DBQ. See Savage v. Shinseki, 24 Vet. App. 259 (2011). 

The matter is REMANDED for the following actions:

Contact the doctor who conducted the headache DBQ, signed December 28, 2018 and received January 2019, to request a legible version of the document. 

All efforts to contact the doctor should be documented.

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Vemulapalli, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.